UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHRISHAWNDA LAMPKIN, )
)
    Plaintiff, )
)
vs. )     Case No. 4:07CV1401 CDP
)
U.S. BANCORP, )
)
    Defendant. )

## MEMORANDUM AND ORDER

Chrishawnda Lampkin brings this suit *pro se* against defendant U.S.

Bancorp, alleging employment discrimination and retaliation on the basis of her

gender in violation of 42 U.S.C. §§ 2000e, *et seq*. The defendant has moved to

dismiss, arguing: (1) that it never employed Lampkin; (2) that Lampkin's Title VII

claims are time-barred; and (3) that her related state law claims cannot be brought

against U. S. Bancorp because they are covered by the Missouri workers

compensation system. The record shows that Lampkin failed to file her EEOC

charge within the three hundred day period specified by 42 U.S.C. § 2000e-

5(e)(1). Additionally, Lampkin's state law claims are not properly before this

Court. I will therefore grant the defendant's motion to dismiss. However, under

the facts presented in the complaint, Lampkin may have an action against her

supervisor individually. Lampkin has not sued her supervisor in this case. If she

wishes to assert state law claims of assault and battery or intentional infliction of

emotional distress against this individual, she must do so in state court.

## Background

The following facts are based on the allegations of Lampkin's complaint,

which I must assume are true for purposes of a motion to dismiss.  Lampkin had

been employed by U.S. Bancorp as an Opex operator since March 2002.[1]

Beginning in April 2005, Paul Schlittler became Lampkin's supervisor.  In June of

that year, Schlittler began harassing Lampkin by making inappropriate sexual

comments.  Schlittler inquired into Lampkin's social life, repeatedly invited her to

social outings, and suggested to her that she spend the night at his place of

residence while leaving her children home alone.  Schlittler asked Lampkin such

things as, "Do you like having sex?" and commented, "You must like having sex

because you have three kids."  Schlittler also called Lampkin's house in the

middle of the night on two occasions and asked Lampkin what she was wearing

and whether she was naked.  Lampkin claims in addition that Schlittler purposely

brushed up against her buttocks and breast, although it is not clear from the

complaint when these incidents took place.

---

[1]Whether U.S. Bancorp was Lampkin's actual employer is unclear.  Lampkin names U.S. Bancorp as the defendant in the caption of her complaint.  Elsewhere in the complaint she refers to her employer as "U.S. Bank."  The defendant asserts that U.S. Bank National Association, and not U.S. Bancorp, was the actual entity employing the plaintiff.  Regardless, for purposes of this motion I need not resolve this issue, and I will assume that the defendant employed the plaintiff.

Lampkin was so upset by the repeated harassment that she took a leave of absence for three months and returned to work in September 2005. Work conditions did not improve, however. Lampkin complained to a higher supervisor and also to the human resources department, although no action was taken to remedy the situation.

In February 2006 Lampkin again filed for leave of absence because of mental illness, stress, and depression from the sexual harassment. This second request for leave was denied, although Lampkin claims she never received notice of the denial. Lampkin asserts that she called her employer on several occasions to inquire about returning to work, but the supervisor in charge refused to take her calls and hung up on her. On March 10, 2006, Lampkin received a letter from her employer stating that she had constructively resigned her position by not returning to work, and her last day of employment was February 8, 2006.[2]

After Lampkin's employment had ended, Schlittler continued to harass her by sending her numerous cell phone text messages between April 26, 2006 and May 27, 2006. Lampkin includes a hand written transcript of these messages in her opposition brief to defendant's motion. Although not graphic in nature, the

---

[2]Lampkin filed a copy of the letter with her response to defendant's motion. Though it is outside the pleadings, I may consider the letter in ruling on the motion to dismiss, as the letter's contents are embraced by the complaint. *See Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004). In any event, both Lampkin and the defendant filed copies of the letter in briefing the motion to dismiss.

messages are deeply offensive and abusive.  Schlittler repeatedly sent messages such as, "Why u ignoring me?  Whatcha doin 2day?  Wanna have some fun?  Called u but u not answer last night so I left u a message.  R u naked?  I am!  Call me!"

Lampkin filed a charge with the EEOC on January 28, 2007.  In her charge, Lampkin states that the discrimination she complains of took place between June 15, 2005 and March 5, 2006.  She did not claim that the discrimination was ongoing.  The EEOC issued a right to sue letter on May 8, 2007, and Lampkin filed suit in this Court on August 6, 2007.  In her complaint, Lampkin alleges causes of action under Title VII for wrongful termination, retaliation, and harassment, as well as state law claims of assault and battery, and intentional infliction of emotional distress.  Lampkin's complaint alleges that the discrimination took place between June 2005 and May 2006.

## Discussion

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6).  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  To avoid dismissal for failure to state a

claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although specific facts are not necessary, the plaintiff must allege facts sufficient to give fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). A plaintiff's obligation to provide the "grounds" of her "entitlement to relief" requires more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).

A complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all the necessary allegations. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997). The issue is not whether the plaintiff will ultimately prevail but whether she is entitled to present evidence to support her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Title VII Claims

Lampkin's complaint alleges that the harassment she suffered was in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e. Additionally, Lampkin claims that she was subsequently fired from her job in retaliation for speaking out against the harassment. To prevail on her claim, Lampkin must establish that (1) she belongs to a protected group; (2) she was subject to unwelcome harassment; (3) there exists a causal connection between the harassment and her protected group status; (4) the harassment affected a term,

condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take proper action. *Palesch v. Mo. Comm'n on Human Rights*, 233 F.3d 560, 566 (8th Cir. 2000).

In addition, 42 U.S.C. § 2000e-5(e)(1) requires that Lampkin bring her charge of discrimination to the EEOC within three hundred days after the alleged unlawful employment practice occurred. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-117 (2002) (discrete instances of discrimination must be within the three hundred day time window in order to be actionable.). The time for filing a Title VII claim begins to run when the plaintiff receives notice of the adverse action. *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980); *Wilson v. Westinghouse Electric Corp.*, 838 F.2d 286, 288 (8th Cir. 1988). Conduct which occurred more than 300 days before the date of filing cannot be grounds for a suit unless it is part of a continuing violation that is systematic or serial. *Klein v. McGowan*, 198 F.3d 705, 709 (8th Cir. 1999).

Here, Lampkin filed her charge with the EEOC on January 28, 2007 – 324 days after the March 10, 2006 letter notifying her she had been fired. Logically, Lampkin's termination was the last possible event that could have adversely affected her employment. Any harassment or discrimination for which the defendant could be responsible must have occurred on or before March 10, 2006. Because Lampkin filed her EEOC charge more than 300 days after receiving

notice of her termination, her Title VII claims against the defendant are time-barred. There has been no suggestion that the defendant blocked Lampkin from filing a timely charge or that she was too incapacitated to do so. *See Jessie v. Potter*, No. 07-1050, 2008 WL 441599 (8th Cir. 2008) (allegation that plaintiff was depressed not sufficient to warrant equitable tolling, because plaintiff was unable to show she was deprived of her reasoning faculties or was incapable of understanding or managing her affairs). Because Lampkin's EEOC charge was filed outside the time limit specified in § 2000e-5, her claims are not actionable. *Klein*, 198 F.3d at 709.

Lampkin argues in her opposition brief that the April and May 2006 text messages show wrongful conduct within the 300 day window. These text messages, however, cannot form the basis for an employment discrimination suit because Lampkin was no longer employed when she received them. Although Lampkin surely felt harassed by these messages, they did not affect a "term, condition or privilege of employment." The messages do not establish an on-going violation by the defendant, because the defendant owed no legal duty to Lampkin once it no longer employed her. *See Buckhanon v. Huff & Assoc. Construction Co.*, 506 F. Supp. 2d 958, 968 (M.D. Ala. 2007) (post-employment conduct not actionable under Title VII). Therefore, there is no theory under Title VII whereby Lampkin can hold her employer liable for the text messages.

## State Law Claims

In addition to claims under Title VII, Lampkin's complaint raises claims of assault and battery and intentional infliction of emotional distress.[3] These claims are intentional torts arising under state law. Under the Missouri workers' compensation statute, these claims against her former employer are within the exclusive jurisdiction of the Labor and Industrial Relations Commission. *Killian v. J&J Installers, Inc.*, 802 S.W.2d 158, 160 (Mo. 1991). Even though what Lampkin alleges in her complaint are intentional acts, she must first present her claims to the Commission. *See Littles v. Corporate Express Promotional Marketing*, No. 4:01CV1881 (E.D. Mo. 2002) (employee claim of intentional infliction of emotional distress within workers compensation jurisdiction); *Dong Van Nguyen v. Dobbs International Serv., Inc.*, 94 F. Supp. 2d 1043, 1052 (W.D. Mo. 2000) (same, as applied to assault and battery claims). The Commission must determine if Lampkin's injuries are covered by the workers' compensation law before she can bring a suit against her former employer in this Court. This Court has no jurisdiction to hear Lampkin's state law claims at this time.

---

[3]Specifically as to the emotional distress claim, plaintiff's complaint alleges that her supervisor's treatment of her was "intentional and with the purpose and intent of causing Plaintiff severe and grievous mental and emotional harm, which in turn resulted in severe physical consequences in violation of the common law of Missouri."

<u>Claims Against Paul Schlittler</u>

Lampkin is a *pro se* plaintiff, and her complaint should be liberally construed. However, on its face Lampkin did not sue her former supervisor, Paul Schlittler, and she did not assert any claims against him individually. Were Schlittler listed as an individual defendant in this suit, Lampkin's harassment claim based on the April and May 2006 text messages might remain. The workers compensation statute does not bar Lampkin from asserting state law claims against individuals for actions that took place once she was no longer employed. Lampkin remains free to bring a tort claim in state court for any acts allegedly committed outside the scope of employment. Lampkin is cautioned however that statute of limitations issues may require that she act quickly. Lampkin should understand that I express no opinion on the merits of any future claim she might bring. I merely state that the facts alleged in Lampkin's complaint do not make out a case against her former employer, although they may establish a case against her former supervisor, Paul Schlittler. Any such case, however, would have to be filed in state court, and not in this court.

## **Conclusion**

Chrishawnda Lampkin's Title VII claims against U. S. Bancorp are time barred because she filed her EEOC charge letter more than 300 days after the date she received notice of her termination. In addition, Lampkin may not assert state

law tort claims against her former employer in this Court because those claims are governed by the Missouri workers' compensation statute. Because Lampkin did not sue any other defendants, her case will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#14] is GRANTED, and plaintiff's complaint is dismissed in its entirety.

**IT IS FURTHER ORDERED** that plaintiff's motion [#4] for appointment of counsel is DENIED AS MOOT.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of March, 2008.